## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARIA DAVIS, ET AL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 23-20** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE: BRIAN A. JACKSON** |
| **PUBLIC SAFETY AND** | * | |
| **CORRECTIONS, ET AL** | * | **MAG: SCOTT D. JOHNSON** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *  *

### PLAINTIFFS' FIRST AMENDED COMPLAINT

    **NOW INTO COURT,** through undersigned counsel, comes Plaintiffs' Maria and Jeff Davis, who pursuant to Fed. R. Civ. P. 15(a)(2) hereby amend their original petition for damages. Plaintiffs hereby re-aver and reaffirm all the allegations and prayers of their petition for damages except as amended herein.

### I.   ORIGINAL PARTIES

**1.**    Maria Davis ("Plaintiff"), a person of the full age of majority and resident citizen of the State of North Carolina, is the mother of decedent Jason Davis who was in the care and custody of Defendants.

**2.**    Jeff Davis ("Plaintiff"), a person of the full age of majority and resident citizen of the State of North Carolina, is the father of decedent Jason Davis who was in the care and custody of Defendants.

**3.**    Louisiana Department of Public Safety and Corrections ("LDPSC"), a corporate body and arm of the State of Louisiana with the power to sue and be sued and domiciled in Baton Rouge, Louisiana pursuant to La. R.S. 36:401. LDPSC is the governing body with authority over the Elayn Hunt Correctional Center located in St. Gabriel, Louisiana.

1

4.    Samantha Joubert ("Joubert"), acting in her individual and official capacity, is a person of the full age of majority, who was at all times material hereto employed as a law enforcement officer at Elayn Hunt Correctional Center, and acting in the course and scope of her employment with the Louisiana Department of Public Safety and Corrections.

## II.    ADDITIONAL PARTIES

5.    Christopher Garner, acting in his individual capacity, is a person of the full age of majority, who was at all times material hereto employed as an associate/psychologist at Elayn Hunt Correctional Center, and acting in the course and scope of his employment with the Louisiana Department of Public Safety and Corrections.

6.    Assistant Warden Donald Johnson, acting in his individual and official capacity, is a person of the full age of majority, who was at all times material hereto employed as an assistant warden at Elayn Hunt Correctional Center, and acting in the course and scope of his employment with the Louisiana Department of Public Safety and Corrections.

7.    Major Lorella Pierce, acting in her individual and official capacity, is a person of the full age of majority, who was at all times material hereto employed as a law enforcement officer at Elayn Hunt Correctional Center, and acting in the course and scope of her employment with the Louisiana Department of Public Safety and Corrections.

8.    Captain Shandrell Mims, acting in her individual and official capacity, is a person of the full age of majority, who was at all times material hereto employed as a law enforcement officer at Elayn Hunt Correctional Center, and acting in the course and scope of her employment with the Louisiana Department of Public Safety and Corrections.

9.    Lieutenant Kimberly Brown, acting in her individual and official capacity, is a person of the full age of majority, who was at all times material hereto employed as a law enforcement

officer at Elayn Hunt Correctional Center, and acting in the course and scope of her employment with the Louisiana Department of Public Safety and Corrections.

### III.    FACTUAL ALLEGATIONS

10.    Plaintiffs Maria Davis and Jeff Davis are the parents of decedent Jason Davis who committed suicide on June 2, 2022 as an inmate in the care and custody of Defendants at Elayn Hunt Correctional Center.

11.    Jason Davis was an inmate with severe mental health problems and was diagnosed with schizophrenia and substance abuse disorder with a history of suicidal ideation. Jason Davis was a known and obvious risk of suicide.

12.    Prior to his suicide, Jason Davis began exhibiting psychotic bizarre behavior that included hallucinations, paranoia, and labile.

13.    On May 16, 2022, Plaintiff Maria Davis notified Elayn Hunt Correctional Center personnel that she was concerned about her son, Jason Davis, because he had been acting strange and because he was hallucinating that someone had put an implant in his ear.

14.    On May 17, 2022, Jason Davis received a mental health assessment from his case manager, Christopher Garner. It was noted that Jason Davis's judgment and insight were poor, his mood anxious, and that he had psychotic features present.

15.    On May 20, 2022, Jason Davis was brought to the D-1 Cellblock on B-Tier (Suicide Watch Tier) for mental health reasons due to Jason Davis acting strange and talking to himself. Due to a lack of space on the E and F Tiers (Treatment Tiers), Jason Davis was placed on B-Tier for mental health observation hold pending space for E or F Tier. During this process, Jason Davis received two disciplinary reports for refusing to be searched and chemical agents were utilized against him. These reports were heard in Disciplinary Court on May 24, 2022 and

3

deferred to Mental Health for assessment.

16.    Although Jason Davis had current severe mental health issues and was exhibiting bizarre

behavior, no mental health management order was initiated and no documentation was

completed for his transfer to the D-1 Cellblock on B-Tier (Suicide Watch Tier).

17.    On May 23, 2022, Mental Health worker Tyler Fore emailed Jason Davis's case manager,

Christopher Garner, informing him that Jason Davis had been moved to B-tier for possible

decompensation.

18.    On May 23, 2022, Jason Davis was visited at his cell on B-tier by case manager Christopher

Garner. Christopher Garner reported the following:

> Mr. Davis was visited cell side on CBB. He was agitated and
> paranoid. The latter is continuous. He was pepper sprayed in the
> dorm. In the traditional sense he is not currently decompensated. The
> same type of delusions and paranoia were observed Friday . . . . He
> will be seen again once he gets back to his dorm. He will be assessed
> every twenty-four hours while he is on B-tier and on SSW.

Christopher Garner also observed and noted the following mental health behavior: labile,

agitated, loud speech, paranoid, nil insight, poor judgment, oppositional attitude, poor

grooming, bizarre behavior, auditory hallucination, and psychotic features present.

19.    On information and belief, no mental health management order was initiated, and Jason

Davis was not assessed every twenty-four hours and his mental health continued to rapidly

deteriorate despite being on B-tier and on standard suicide watch.

20.    On May 31, 2022, Mental Health worker Tyler Fore emailed case manager Christopher

Garner, instructing him to meet with Jason Davis to determine if he was stable enough to

return to Fox 1. On information and belief, Christopher Garner never met with Jason Davis.

21.    On June 2, 2022, Jason Davis was found unresponsive in his cell with a piece of mattress

wrapped around his neck, facing towards the cell bars in an apparent suicide.

22.   On the date of Jason Davis's suicide, Defendant Samantha Joubert was assigned to monitor those on the suicide watch tier and knew or should have known that those on the suicide watch tier were at risk of suicide, including Jason Davis.

23.   Defendant Samantha Joubert disregarded the risk of suicide to Jason Davis and those similarly situated by failing to make proper rounds to monitor those on suicide watch, thus failing to prevent Jason Davis from committing suicide.

24.   Defendant Samantha Joubert knowingly falsified the mental health management order log sheet that she made routine rounds on the suicide watch tier when she did not make those rounds.

25.   Defendant Samantha Joubert also knowingly failed to have a "tier walker" present in the tier and failed to inform her supervisor that she needed one as required by Elayn Hunt Correctional Facility policy and procedure.

26.   On or about June 14, 2022, Defendant Samantha Joubert was arrested for malfeasance in office and injuring public records as a result of Jason Davis's suicide. She has since plead guilty to injuring public records.

27.   Prior to her arrest, Defendant Samantha Joubert was interviewed by the police. In her interview, Defendant Samantha Joubert stated that there should be one officer assigned to the suicide tier but due to staff shortages she had to work multiple tiers. She stated that she was pulled from the tier for an hour to walk with the medical staff while doing COVID testing.

28.   Defendant Samantha Joubert further stated that she is supposed to walk the tier every fifteen (15) minutes but due to staff shortages that is impossible. Defendant Samantha Joubert stated that Elayn Hunt Correctional Center breaks policy by assigning the correctional officer

5

working the suicide tier to other tiers and duties.

29.    Defendant Samantha Joubert admitted that she did not actually make all the rounds that she logged making. Defendant Samantha Joubert stated it is common practice for correctional officers to log rounds that they do not make. Defendant Samantha Joubert further stated that on the day of Jason Davis's suicide her supervisor, Major Lorella Pierce, logged rounds that she did not make.

30.    On information and belief, Assistant Warden Donald Johnson, Major Lorella Pierce, Capt. Shandrell Mims, Lt. Kimberly Brown and others were responsible for monitoring the D-1 cellblock and the B-tier at the time of Jason Davis's suicide.

31.    On information and belief, Assistant Warden Donald Johnson, Major Lorella Pierce, Capt. Shandrell Mims, Lt. Kimberly Brown and others were supervisory officials who were assigned to the D-1 cellblock on the date of Jason Davis's suicide and these supervisors did not conduct security and safety rounds on the B-tier on the date of Jason Davis's suicide as required.

32.    On information and belief, Assistant Warden Donald Johnson, Major Lorella Pierce, Capt. Shandrell Mims, Lt. Kimberly Brown and others did not assign or provide a tier walker to the B-tier on the date of Jason Davis's suicide until after it took place.

33.    On information and belief, Assistant Warden Donald Johnson, Major Lorella Pierce, Capt. Shandrell Mims, Lt. Kimberly Brown and others knew or should have known that Jason Davis was at risk of suicide but failed to prevent Jason Davis from committing suicide.

34.    On information and belief, the D-1 Cellblock on B-Tier (Suicide Watch Tier) had several cameras, there was no monitor in the "D1CB key" to view the video from the cameras and further supervise and monitor the tier.

35.    Plaintiffs Jeff and Maria Davis have suffered damages as a result of losing their son and accordingly bring this action individually and on behalf of their son, Jason Davis.

## IV.    § 1983 CIVIL RIGHTS CLAIMS

36.    Plaintiffs reincorporate all the allegations contained in paragraphs 10 through 35.

37.    Plaintiffs assert a §1983 Civil Rights Claim against Samantha Joubert in her individual capacity as follows:

    A.    Jason Davis had an Eighth Amendment right to be protected from a known risk of suicide.

    B.    Defendant Samantha Joubert violated Jason Davis's Eighth Amendment right and was deliberately indifferent towards Jason Davis's risk of suicide and those similarly situated.

    C.    Defendant Samantha Joubert knew Jason Davis and those similarly situated were at risk of suicide and disregarded that risk by knowingly failing to make routine rounds to monitor Jason Davis and those similarly situated on suicide watch, and Defendant Samantha Joubert failed to have a "tier walker" present in the tier and failed to inform her supervisor that she needed one as required by Elayn Hunt Correctional Facility policy and procedure.

    D.    Defendant Samantha Joubert caused Plaintiffs injuries by her acts, omissions, and complete deliberate indifference.

38.    Plaintiffs assert a §1983 Civil Rights Claim against Christopher Garner in his individual capacity as follows:

    A.    Jason Davis had an Eighth Amendment right to be protected from a known risk of suicide.

     **B.**    Defendant Christopher Garner violated Jason Davis's Eighth Amendment right and was deliberately indifferent towards Jason Davis's risk of suicide.

     **C.**    Defendant Christopher Garner knew Jason Davis was at risk of suicide and disregarded that risk by knowingly failing to supervise and monitor Jason Davis with known mental health issues, disorders, and history of suicidal ideation.

     **D.**    Defendant Christopher Garner caused Plaintiffs injuries by his acts, omissions, and complete deliberate indifference.

**39.**    Plaintiffs assert a §1983 Civil Rights Claim against Assistant Warden Donald Johnson in his individual capacity as follows:

     **A.**    Jason Davis had an Eighth Amendment right to be protected from a known risk of suicide.

     **B.**    Defendant Donald Johnson violated Jason Davis's Eighth Amendment right and was deliberately indifferent towards Jason Davis's risk of suicide.

     **C.**    Defendant Donald Johnson knew Jason Davis was at risk of suicide and disregarded that risk by knowingly failing to make routine rounds to monitor Jason Davis and those similarly situated on suicide watch. Defendant Donald Johnson also failed to assign or provide a tier walker to the B-tier on the date of Jason Davis's suicide as required by Elayn Hunt Correctional Facility policy and procedure.

     **D.**    Defendant Donald Johnson caused Plaintiffs injuries by his acts, omissions, and complete deliberate indifference.

**40.**    Plaintiffs assert a §1983 Civil Rights Claim against Major Lorella Pierce in her individual capacity as follows:

     **A.**    Jason Davis had an Eighth Amendment right to be protected from a known risk of

8

suicide.

B.    Defendant Lorella Pierce violated Jason Davis's Eighth Amendment right and was deliberately indifferent towards Jason Davis's risk of suicide.

C.    Defendant Lorella Pierce knew Jason Davis was at risk of suicide and disregarded that risk by knowingly failing to make routine rounds to monitor Jason Davis and those similarly situated on suicide watch. Defendant Lorella Pierce also failed to assign or provide a tier walker to the B-tier on the date of Jason Davis's suicide as required by Elayn Hunt Correctional Facility policy and procedure.

D.    Defendant Lorella Pierce caused Plaintiffs injuries by his acts, omissions, and complete deliberate indifference.

41.    Plaintiffs assert a §1983 Civil Rights Claim against Captain Shandrell Mims in her individual capacity as follows:

A.    Jason Davis had an Eighth Amendment right to be protected from a known risk of suicide.

B.    Defendant Shandrell Mims violated Jason Davis's Eighth Amendment right and was deliberately indifferent towards Jason Davis's risk of suicide.

C.    Defendant Shandrell Mims knew Jason Davis was at risk of suicide and disregarded that risk by knowingly failing to make routine rounds to monitor Jason Davis and those similarly situated on suicide watch. Defendant Shandrell Mims also failed to assign or provide a tier walker to the B-tier on the date of Jason Davis's suicide as required by Elayn Hunt Correctional Facility policy and procedure.

D.    Defendant Shandrell Mims caused Plaintiffs injuries by his acts, omissions, and complete deliberate indifference.

42.    Plaintiffs assert a §1983 Civil Rights Claim against Lieutenant Kimberly Brown in her individual capacity as follows:

    A.    Jason Davis had an Eighth Amendment right to be protected from a known risk of suicide.

    B.    Defendant Kimberly Brown violated Jason Davis's Eighth Amendment right and was deliberately indifferent towards Jason Davis's risk of suicide.

    C.    Defendant Kimberly Brown knew Jason Davis was at risk of suicide and disregarded that risk by knowingly failing to make routine rounds to monitor Jason Davis and those similarly situated on suicide watch. Defendant Kimberly Brown also failed to assign or provide a tier walker to the B-tier on the date of Jason Davis's suicide as required by Elayn Hunt Correctional Facility policy and procedure.

    D.    Defendant Kimberly Brown caused Plaintiffs injuries by his acts, omissions, and complete deliberate indifference.

## V.    STATE LAW TORT CLAIMS

43.    Plaintiffs reincorporate all the allegations contained in paragraphs 10 through 35.

44.    The acts of fault, want of care, and/or negligence on the part of Defendant Samantha Joubert in her individual and official capacity are as follows:

    A.    Failing to exercise reasonable supervision of inmates on suicide watch.

    B.    Knowingly failing to make routine rounds to monitor inmates at risk of suicide, including Jason Davis.

    C.    Knowingly failing to have a "tier walker" present on the suicide watch tier to monitor inmates at risk of suicide, including Jason Davis.

    D.    Knowingly failing to inform her supervisor that she needed a tier walker to monitor

inmates at risk of suicide, including Jason Davis as required by Elayn Hunt Correctional Facility policy and procedure.

**E.**    Any other acts or omissions constituting a breach of any duty owed to Plaintiffs that may be revealed by subsequent discovery or proven at trial.

45.    The acts of fault, want of care, and/or negligence on the part of Defendant Assistant Warden Donald Johnson in his individual and official capacity are as follows:

**A.**    Failing to exercise reasonable supervision of inmates on suicide watch.

**B.**    Knowingly failing to make routine rounds to monitor inmates at risk of suicide, including Jason Davis.

**C.**    Knowingly failing to have a "tier walker" present on the suicide watch tier to monitor inmates at risk of suicide, including Jason Davis.

**D.**    Any other acts or omissions constituting a breach of any duty owed to Plaintiffs that may be revealed by subsequent discovery or proven at trial.

46.    The acts of fault, want of care, and/or negligence on the part of Defendant Major Lorella Pierce in her individual and official capacity are as follows:

**A.**    Failing to exercise reasonable supervision of inmates on suicide watch.

**B.**    Knowingly failing to make routine rounds to monitor inmates at risk of suicide, including Jason Davis.

**C.**    Knowingly failing to have a "tier walker" present on the suicide watch tier to monitor inmates at risk of suicide, including Jason Davis.

**D.**    Any other acts or omissions constituting a breach of any duty owed to Plaintiffs that may be revealed by subsequent discovery or proven at trial.

47.    The acts of fault, want of care, and/or negligence on the part of Defendant Captain Shandrell

Mims in her individual and official capacity are as follows:

**A.**     Failing to exercise reasonable supervision of inmates on suicide watch.

**B.**     Knowingly failing to make routine rounds to monitor inmates at risk of suicide, including Jason Davis.

**C.**     Knowingly failing to have a "tier walker" present on the suicide watch tier to monitor inmates at risk of suicide, including Jason Davis.

**D.**     Any other acts or omissions constituting a breach of any duty owed to Plaintiffs that may be revealed by subsequent discovery or proven at trial.

**48.**     The acts of fault, want of care, and/or negligence on the part of Defendant Lieutenant Kimberly Brown in her individual and official capacity are as follows:

**A.**     Failing to exercise reasonable supervision of inmates on suicide watch.

**B.**     Knowingly failing to make routine rounds to monitor inmates at risk of suicide, including Jason Davis.

**C.**     Knowingly failing to have a "tier walker" present on the suicide watch tier to monitor inmates at risk of suicide, including Jason Davis.

**D.**     Any other acts or omissions constituting a breach of any duty owed to Plaintiffs that may be revealed by subsequent discovery or proven at trial.

**49.**     The acts of fault, want of care, and/or negligence on the part of Defendant Louisiana Department of Public Safety and Corrections, which were accomplished through its officers, employees, agents, or those acting on its behalf are as follows:

**A.**     Failure to exercise reasonable supervision of inmates on suicide watch, including Jason Davis.

**B.**     Failure to exercise reasonable supervision of employees assigned to monitor inmates

on suicide watch, including Jason Davis.

**C.**     Failure to conduct routine rounds to monitor inmates at risk of suicide, including Jason Davis.

**D.**     Failure to initiate a mental health management order for Jason Davis who had severe mental health issues, disorders, and a history of suicidal ideation.

**E.**     Failure to communicate among the employees as to an inmate's mental health status.

**F.**     Failure to have a "tier walker" present on the suicide watch tier to monitor inmates at risk of suicide, including Jason Davis.

**G.**     Failure to have a monitor present to be able to view the cameras located in the tier.

**H.**     Failure to supervise and monitor those with mental health issues, disorders, history of suicidal ideation.

**I.**     Engaging in the practice of assigning the correctional officer working the suicide watch tier to other tiers and duties.

**J.**     Engaging in a practice of knowingly logging routine rounds that one did not make.

**K.**     Negligent hiring of employees.

**L.**     Negligent retention of employees.

**M.**     Failure to train employees assigned to monitor inmates on suicide watch, including Jason Davis.

**N.**     Failure to train employees in the supervision and monitoring of those with mental health issues, disorders, history of suicidal ideation.

**O.**     Any other acts or omissions constituting a breach of any duty owed to Plaintiffs that may be revealed by subsequent discovery or proven at trial.

**50.**     For the reason of the acts of fault, want of care, and/or negligence on the part of its

employees which were a direct and proximate cause of Plaintiffs injuries, Defendant Louisiana Department of Public Safety and Corrections is vicariously liable to Plaintiffs in money damages.

## VI.    JOINT LIABILITY

51.    Defendants are jointly liable to Plaintiffs for all sums that are reasonable under these premises.

## VII.    DAMAGES

52.    As a result of Defendants Samantha Joubert, Christopher Garner, Donald Johnson, Lorella Pierce, Shandrell Mims, and Kimberly Brown acts, omissions, negligence, and deliberate indifference as set forth above, Plaintiffs are entitled to recover general and special damages reasonable under these premises, as contemplated by § 1983 Civil Rights Act and the Louisiana Civil Code, including, but not limited to:

A.    Funeral and medical expenses.

B.    Past and future mental anguish and suffering.

C.    Emotional distress.

D.    Loss of enjoyment of life.

E.    Loss of consortium.

F.    Punitive damages as contemplated by § 1983 of the Civil Rights Act.

G.    Attorneys' fees as contemplated by § 1988 of the Civil Rights Act.

H.    Other damages and losses to be proven at trial.

53.    As a result of Defendant Louisiana Department of Public Safety and Corrections acts, omissions, and negligence as set forth above, Plaintiffs are entitled recover general and special damages reasonable under these premises, as contemplated by the Louisiana Civil

Code, including, but not limited to:

**A.**    Funeral and medical expenses.

**B.**    Past and future mental anguish and suffering.

**C.**    Emotional distress.

**D.**    Loss of enjoyment of life.

**E.**    Loss of consortium.

**F.**    Other damages and losses to be proven at trial.

**54.**    Pursuant to La. C.C.P. art 2315.1, Plaintiffs are entitled to pursue survival damages for their sons' injuries prior to his death, including but not limited to:

A.    Physical pain and suffering prior to death.

B.    Mental anguish and suffering prior to death.

C.    Emotional distress prior to death.

D.    Loss of enjoyment of life.

E.    Other damages and losses to be proven at trial.

## VIII.   JURY DEMAND

**55.**    Plaintiff respectfully requests a trial by jury.

## IX.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, Maria Davis and Jeff Davis, pray that Defendants, Louisiana Department of Public Safety and Corrections, Samantha Joubert, Christopher Garner, Donald Johnson, Lorella Pierce, Shandrell Mims, and Kimberly Brown be served with Summons and a copy of this Petition for Damages, that they serve their Answers thereto, that after due proceedings had and the expiration of all legal delays, there be a final judgement entered holding Defendants, Louisiana Department of Public Safety and Corrections, Samantha Joubert, Christopher Garner,

Donald Johnson, Lorella Pierce, Shandrell Mims, and Kimberly Brown liable, unto Plaintiffs, in money damages reasonable for the damages set forth herein, for interest from the date of judicial demand until paid, an award of all costs allowed by law, that there be a trial by jury, and that the Court grant such other and further relief as the interests of justice may require.

Respectfully submitted,

*/s/ Julien G. Lamothe*
FRANK E. LAMOTHE, III, T.A. (#07945)
JULIEN G. LAMOTHE (#38313)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
E-Mail: felamothe@lamothefirm.com
            jlamothe@lamothefirm.com

*Attorneys for Plaintiffs, Maria Davis and Jeff Davis*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record, by e-mail, facsimile and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 27th day of November 2023.

*/s/ Julien G. Lamothe*
JULIEN G. LAMOTHE

16